**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80178-CIV-CANNON/McCabe**

**ISABEL BEATRIZ GIRON-REYES,**

Plaintiff,

v.

**KRISTI NOEM *et al.*,**
*in her official Capacity as Secretary*

Defendants.
_________________________________/

**ORDER DISMISSING SHOTGUN COMPLAINT AND PERMITTING REPLEADING**

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. On February 20, 2026, Plaintiff filed a seven-count Complaint alleging various constitutional and statutory violations by Defendant, all of which arise out of a civil penalty Defendant imposed on Plaintiff for allegedly violating the Immigration and Nationality Act, 8 U.S.C. § 1324d(a) [ECF No. 1 pp. 20–27]. Counts II through VII, however, incorporate all preceding allegations, thus rendering the Complaint an impermissible "shotgun pleading" [ECF No. 1 pp. 20–27]. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). The Court has an independent obligation to dismiss such pleadings and require repleader.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff may file an amended complaint that is consistent with this Order on or before

**March 10, 2026**. **The amended complaint must not contain any successive counts that incorporate all prior allegations**. In other words, Counts I–VII may incorporate the same factual allegations (paragraphs 1 through 90), but Count II must not incorporate the allegations in Count I, and so on.

3. Additionally, the amended complaint must (i) contain a short and plain statement supporting each claim for relief; (ii) separate each claim into a separate count; (iii) explain what each particular defendant did in reference to each claim; (iv) provide supporting facts to show why that person is being sued; and (v) identify clearly the legal basis underlying each count asserted.
4. Plaintiff shall carefully review Federal Rules of Civil Procedure 8 and 10, as well as *Weiland*, 792 F.3d 1313, to ensure that the amended complaint complies with the fundamental concept of fair notice and clarity underlying those authorities.
5. Failure to comply with this Order may result in dismissal of the case without further notice.

**ORDERED** in Chambers at Fort Pierce, Florida, this 25th day of February 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record