**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80178-CIV-CANNON/McCabe**

**ISABEL BEATRIZ GIRON-REYES,**

Plaintiff,

v.

**KRISTI NOEM *et al.*,**
*in her official Capacity as Secretary*,

Defendants.
_________________________________/

**ORDER DISMISSING COMPLAINT FOR FAILURE TO SERVE AND FAILURE TO COMPLY WITH COURT ORDERS**

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. On March 10, 2026, Plaintiff filed her Amended Complaint in this matter, bringing several constitutional and administrative claims against Defendants (all United States agencies or officers) after Defendants imposed a large fine on Plaintiff for her "willful failure or refusal to depart" the United States [ECF No. 9]. On March 19, 2026, in her effort to sue the United States, Plaintiff mailed the service materials to the U.S. Attorney for the Southern District of Florida [ECF No. 16-1 p. 3]. The Court thereafter issued an Order Requiring Supplemental Service, explaining that Plaintiff appeared to have attempted to serve Defendants by way of Fed. R. Civ. P. 4(i)(1)(A)(ii), which authorizes service only on the "civil process clerk at the United States attorney's office," not the United States Attorney for the district himself. Fed. R. Civ. P. 4(i)(1)(A)(ii). The Court set a deadline of **May 21, 2026** for Plaintiff to "properly serve the civil process clerk" or "otherwise establish lawful service on the United States" [ECF No. 17]. Because Plaintiff failed to fully effectuate service on the United States by the deadline, Plaintiff's Amended Complaint is **DISMISSED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires service of a summons with a copy of the complaint to be perfected upon defendants within 90 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). To serve a United States agency, Rule 4(i)(2) requires a plaintiff to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To "serve the United States," a plaintiff must both serve "the United States attorney for the district where the action is brought" in accordance with Rule 4(i)(1)(A) and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). Under Rule 4(i)(1)(A), to serve the United States attorney, a plaintiff must either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). If a plaintiff fails to make proper service under this rule, Rule 4(i)(4) requires a district court to "allow a party a reasonable time to cure its failure." Fed. R. Civ. P. 4(i)(4).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When a plaintiff fails to serve process, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Additionally, a district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Courts

are vested with this inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id*. at 630.

**DISCUSSION**

While Plaintiff did attempt to serve the United States through the United States Attorney for the Southern District of Florida, Plaintiff did not send the Summons and a copy of the Complaint "to the civil-process clerk at the United States attorney's office." *See* Fed. R. Civ. P. 4(i)(1)(A). Rather, Plaintiff shipped the service materials to the United States attorney himself [*see* ECF No. 16-1 p. 3]. This is improper under Rule 4(i). *See Holmstrom v. United States*, No. 02-CV-2006-T-17, 2003 WL 21254624, at *2 (M.D. Fla. Apr. 4, 2003) ("Plaintiff failed to properly serve the United States attorney because his process was not addressed to the civil process clerk, but was instead addressed to the United States attorney . . . .").

On March 26, 2026, the Court warned Plaintiff that her initial service on the United States attorney was insufficient, and gave Plaintiff another two months to fix it, as required by Fed. R. Civ. P. 4(i)(4). In spite of that extension, Plaintiff still has failed to show compliance with Rule 4(i) for purposes of perfecting service upon the United States. Nor has she offered an explanation or good cause to excuse this failure.

In light of Plaintiff's failure to perfect service and to comply with Court orders, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This matter is **DISMISSED WITHOUT PREJUDICE** for failure to serve and for failure to comply with Court orders.
2. The Clerk of the Court shall **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida this 1st day of June 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record